IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM S. YANCEY, | No. 1:11-cv-00108 |
| Plaintiff, | |
| v. | JURY DEMANDED |
| REMINGTOM ARMS COMPANY, LLC and CASCADE CARTRIDGE, INC., a/k/a CCI AMMUNITION, | JUDGE WILLIAM J. HAYNES, JR. |
| Defendants. | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Roger W. Dickson and James A. Beakes

Defendant Ammunition Accessories Inc., improperly named as Cascade Cartridge, Inc., a/k/a CCI Ammunition, has received a copy of the complaint by mail..

The entity I represent agrees to save the expense of serving a summons and complaint in this case.

The entity I represent understands it will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that it waives any objections to the absence of a summons or of service.

The entity I represent also understands that it must file and serve an answer or a motion under Rule 12 within 60 days from February 22, 2012, the date when this request was sent (or 90 days if it was sent outside the United States). If it fails to do so, a default judgment will be entered against the entity I represent.

LEWIS, KING, KRIEG, & WALDROP, PC

By:/s/ John R. Tarpley
   John R. Tarpley, BPR No. 009661
   424 Church Street, Suite 2500
   P. O. Box 198615
   Nashville, Tennessee 38219
   jtarpley@lewisking.com
   615.259.1366

Counsel for Defendant Ammunition Accessories Inc., improperly named as Cascade Cartridge, Inc., a/k/a CCI Ammunition

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of February, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

James A. Beakes, III, Esq.
Miller & Martin, PLLC
1200 One Nashville Place
150 Fourth Ave., North
Nashville, TN 37219

R. Seth Crompton, Esq.
Eric D. Holland, Esq.
Holland, Groves, Schneller & Stolze, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101

Roger W. Dickson, Esq.
Miller & Martin, LLP
832 Georgia Avenue, Suite 1000
Chattanooga, TN 37402-2289

Christopher M. Ellis, Esq.
Jon Robinson, Esq.
Bolen, Robinson & Ellis, LLP
202 S. Franklin Street 2nd Floor
Decatur, IL 62523

      /s/ John R. Tarpley